UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ONONDAGA COUNTY LABORERS' HEALTH
AND WELFARE, PENSION, ANNUITY AND
TRAINING FUNDS, by Janet M. Moro, as Fund
Administrator, and LABORERS INTERNATIONAL
UNION OF NORTH AMERICA LOCAL UNION
NO. 433, by Gabriel Rosetti, as Business Manager,

       Plaintiffs,    5:02-CV-1076
             (NAM/GJD)
v.

INDUSTRIAL CONTRACTING, INC., and
STEPHEN SNYDER, Individually, and as
President of Industrial Contracting, Inc.,

       Defendants.
_____

APPEARANCES:           OF COUNSEL:

Blitman & King, LLP          Jennifer A. Clark, Esq.
The 500 Building, Suite 1100
500 South Salina Street
Syracuse, New York 13202
For Plaintiffs

Melvin & Melvin, PLLC         Edward J. Sheats, Jr., Esq.
Seventh Floor
217 South Salina Street
Syracuse, New York 13202
For Defendants

Hon. Norman A. Mordue, D.J.:

**MEMORANDUM-DECISION AND ORDER**

   This action was placed on the Court's August 4, 2004, Dismissal Calendar pursuant to

Local Rule 41.2(a) of the Northern District of New York on the basis that plaintiffs appeared not

to have diligently prosecuted this action. Plaintiffs and defendants subsequently filed affidavits

supporting dismissal of this action but disagreeing as to whether, based on the terms of a settlement agreement between them,[1] this action should be dismissed with or without prejudice. Plaintiffs seek dismissal without prejudice and defendants seek dismissal with prejudice.

When considering dismissal pursuant to Fed. R. Civ. P. 41(b), the Court must look to:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard ... and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988) (internal quotations and citations omitted). Dismissal under Rule 41(b) is a "'harsh remedy to be utilized only in extreme situations,'" *LeSane v. Hall's Security Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quoting *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972) (per curiam)).

On December 10, 2002, United States Magistrate Judge Gustave J. Di Bianco held a telephone conference with counsel at which time the parties were directed to report to the Court on or before December 31, 2002, regarding the status of the case. Plaintiffs, however, did not file anything further in this matter until July 19, 2004, when they filed a response to the Court's dismissal motion. Thus, there has been a delay of more than nineteen months. It is manifest from the affidavits and exhibits both parties filed in response to the Court's dismissal motion that, despite having entered a settlement agreement, the parties disagree as to the manner in which this case should be dismissed. Defendants claim they would be prejudiced by a dismissal without

---

[1] No stipulation of discontinuance has been filed.

prejudice because it would enable plaintiffs to reopen the case at a future time despite the settlement agreement.  Indeed, plaintiffs seek dismissal without prejudice so that they can reopen this matter at a later time in the event of a default under the settlement agreement.  Therefore, while the Court has considered its need to alleviate calendar congestion, and the length of plaintiffs' delay in this matter, because defendants have indicated that they would be prejudiced by dismissal without prejudice and plaintiffs have indicated that they would be prejudiced by dismissal with prejudice, the Court concludes that *sua sponte* dismissal for failure to prosecute would be inappropriate at this point in the litigation.  Accordingly it is hereby

ORDERED that the Clerk withdraw this action from the Court's dismissal calendar; and it is further

ORDERED that this matter is hereby referred to the Hon. Gustave J. Di Bianco, United States Magistrate Judge, for purposes of scheduling a status conference.

IT IS SO ORDERED.

Date:   August 22, 2005

*[signature]*
Norman A. Mordue
U.S. District Judge

3